UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DENNIS GUY ERDMAN,**

      **Plaintiff,**                    CIVIL ACTION NO. 08-CV-14715-DT

    vs.

                                        DISTRICT JUDGE NANCY G. EDMUNDS

**DETROIT, CITY OF,**                   MAGISTRATE JUDGE MONA K. MAJZOUB
**et al.,**
      **Defendants.**
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS
FOR ORDER TO SHOW CAUSE AND GRANTING IN PART PLAINTIFF'S MOTION
TO ADJOURN HEARING**

This matter comes before the Court on three motions filed by Plaintiff. He filed two Motions for Order to Show Cause on March 5, 2009. (Docket nos. 10, 11). Plaintiff also filed a Motion to Adjourn Hearing on April 2, 2009. (Docket no. 20). Defendants have responded to Plaintiff's Motion to Adjourn Hearing. (Docket no. 21). All pretrial matters have been referred to the undersigned. (Docket no. 5). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). These motions are now ready for ruling.

Plaintiff alleges in his "Diversity Complaint" that he pled nolo contendere to charges of vehicular manslaughter and leaving the scene of an accident in 1989. (Docket no. 1). In 1991 his conviction for leaving the scene of an accident was allegedly vacated. Plaintiff further alleges that in 2000 he became aware that the victim was intoxicated at the time he stepped in front of Plaintiff's truck which supposedly proves his legal innocence. (*Id*. at 2). Plaintiff alleges that Defendants "manipulated the record by suppressing evidence in this case, falsely accusing Plaintiff of murdering the decedent." (*Id*. at 3). Plaintiff seeks damages as relief and the return of money collected from

his father's estate by the Michigan State Treasurer. (*Id*.).

Plaintiff's first Motion for Order to Show Cause requests that the Court order the Michigan Department of Corrections to show cause why it has not responded to Plaintiff's subpoena seeking copies of his institutional file, medical file, parole board file, and court orders. (Docket no. 10). His second Motion for Order to Show Cause requests that the Court order the Wayne County Circuit Court to show cause why it has not responded to Plaintiff's subpoena seeking copies of the filings in two court cases. (Docket no. 11). Plaintiff fails to explain the relevance of these requested documents. In addition, Defendants Wayne County and the City of Detroit have filed dispositive motions arguing that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), among other bases for granting their motions. (Docket nos. 9, 15). If Defendants are correct that this action is barred by *Heck*, there will be no need for discovery. Under these circumstances, Plaintiff's motions will be denied without prejudice. *See Skousen v. Brighton High School*, 305 F.3d 520, 526-27 (6th Cir. 2002) (merits of summary judgment motion asserting qualified immunity should be ruled upon prior to granting discovery).

Plaintiff also filed a Motion to Adjourn Hearing and for Production of Defendant Wayne County Michigan's Motion for Summary Judgment. (Docket no. 20). Plaintiff claims he has not yet received a copy of Wayne County's summary judgment motion. He asks that the Court provide him with a copy and extend his time for responding to the motion. (Docket no. 20 at 2). Defendant Wayne County in response states that it mailed Plaintiff another copy of its motion after receiving a copy of Plaintiff's Motion to Adjourn. (Docket no. 21). Therefore, Plaintiff should now have a copy of the motion. The Court will grant Plaintiff a 30-day extension on his time for responding to this motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motions for Order to Show Cause (docket nos. 10, 11) are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Adjourn Hearing (docket no. 20) is **GRANTED** to the extent that Plaintiff shall respond to Defendant Wayne County's Motion for Summary Judgment on or before May 20, 2009, and is otherwise **DENIED.**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: April 29, 2009           s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Denis Guy Erdman and Counsel of Record on this date.

Dated: April 29, 2009           s/ Lisa C. Bartlett
                                Courtroom Deputy