**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DENNIS GUY ERDMAN,**

       **Plaintiff,**          **CIVIL ACTION NO. 08-CV-14715-DT**

  **vs.**

                            **DISTRICT JUDGE NANCY G. EDMUNDS**

**CITY OF DETROIT,**         **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

       **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:**    The Motion to Dismiss filed by the City of Detroit (docket no. 9) should be **GRANTED**.

The Motion for Default Judgment filed by Plaintiff against the City of Detroit (docket no. 12) should be **DENIED**.

**II.**    **REPORT:**

This matter comes before the Court on the Motion to Dismiss filed by the City of Detroit (docket no. 9) and the Motion for Default Judgment filed by Plaintiff against the City of Detroit (docket no. 12). Plaintiff, a frequent litigator (*see* docket no. 3), has responded to the City's Motion to Dismiss. (Docket no. 18). The City filed a Reply brief. (Docket no. 19). The City also responded to Plaintiff's Motion for Default Judgment against it. (Docket no. 13). All pretrial matters have been referred to the undersigned for action. (Docket no. 5). The Court dispenses with oral argument on these motions. E.D. Mich. LR 7.1(e). These motions are now ready for ruling.

    **A.**    **Facts and Claims**

Plaintiff filed his "citizen's diversity complaint" against the City of Detroit, Wayne County, and the State of Michigan.[1] (Docket no. 1). He claims that he now lives in Texas but in 1989 he accidentally struck and killed a pedestrian with his vehicle in the City of Detroit. (*Id*. at 2). Plaintiff alleges that he pled nolo contendere to the charges of vehicle manslaughter and leaving the scene of an accident. (*Id*.). The court sentenced him to 15 years and 2 years consecutive on the convictions. (*Id*.). In 1991 Plaintiff alleges that the 2-year sentence for leaving the scene was vacated. (*Id*.). Plaintiff remained incarcerated on the manslaughter conviction. Plaintiff further alleges that in 2000 he uncovered exculpatory evidence, that the decedent was intoxicated when he stepped in front of Plaintiff's truck, which proves Plaintiff's legal innocence. (*Id*.).

Plaintiff alleges that "Defendant has manipulated the record by suppressing evidence in this case, falsely accusing Plaintiff of murdering the decedent." (*Id*. at 3). Plaintiff seeks damages for the violation of his state and federal constitutional rights and for the torts of false imprisonment, malicious prosecution, and illegal confinement. (*Id*.).

Defendant City of Detroit moves to dismiss on the bases that Plaintiff has failed to state that a policy or custom attributable to it caused his alleged injuries, that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and that the statute of limitations has run with respect to any claims arising under 42 U.S.C. § 1983. (Docket no. 9).

---

[1] The State of Michigan has already been dismissed as a Defendant. (Docket no. 3).

**B.     Standard**

Defendant moves to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Dismissal under this rule is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. (*Id*.). The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. (*Id*.).

**C.     Analysis**

   **1.     City of Detroit Motion to Dismiss**

      **a.     Failure to Allege Policy or Custom**

Under 42 U.S.C. § 1983 a municipality such as Defendant City of Detroit may not be held liable based on vicarious liability for the constitutional violations of its employees. *Monell v. Department of Social Servs.*, 436 U.S. 658, 692 (1978). To state a claim against Defendant, Plaintiff must allege that his injury was caused by an unconstitutional policy or custom of the municipality. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986). Plaintiff has failed to allege that his injuries resulted from any policy or custom of the City of Detroit. (Docket no. 1). Accordingly, Defendant's Motion to Dismiss should be granted.

      **b.     *Heck v. Humphrey* Bar**

Plaintiff claims that he uncovered exculpatory evidence allegedly suppressed by Defendant which proves his legal innocence of his manslaughter conviction. (Docket no. 1 at 2). Plaintiff's claims if proven would therefore necessarily render his conviction and sentence invalid. Plaintiff

also seeks damages as relief. (*Id*. at 3). Defendant claims that under these circumstances, because Plaintiff has not shown that his conviction has been reversed, this action is barred by *Heck v. Humphrey*. In *Heck*, the Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486.

Plaintiff claims that his manslaughter conviction was set aside through a motion for reconsideration that he filed in the City of Detroit Recorders Court on December 28, 2006. (Docket no. 18). Plaintiff submits excerpts of a docket sheet from that court, but the entries reflected on those excerpts stop at September 2006 and fail to show that in December 2006 or at any other time Plaintiff's manslaughter conviction was set aside. (*Id*.). This action is therefore barred by *Heck*, and Defendant's Motion to Dismiss on this basis should be granted.[2]

### c. Statute of Limitation

Defendant also moves to dismiss on the basis that the three-year applicable statute of limitation under section 1983 bars Plaintiff's claims. *See Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986); (Docket no. 9 at 11). In response, Plaintiff claims that because his conviction was not set aside until 2006 his claims did not accrue until that time, and that his Complaint was filed within three years of that date. (Docket no. 18 at 5). Because Plaintiff has failed to show that his

---

[2] In Plaintiff's Response to a separate motion he attached the docket entries for December 28, 2006. (Docket no. 24). However, these entries simply purport to show that a motion to reconsider was granted and fall short of showing that any conviction was vacated. (*Id*.).

-4-

conviction was set aside in 2006, his argument must be rejected. Plaintiff claims that he uncovered the allegedly exculpatory evidence in 2000. (Docket no. 1 at 2). Therefore, he knew about the bases for his claims at that time, and his filing of his Complaint in November 2008 was beyond the statute of limitation period. Therefore, this is an additional basis upon which Defendant's Motion to Dismiss should be granted.

### d.      State Law Claims

Because all of Plaintiff's federal claims must be dismissed, this Court should decline to address any state law claims that Plaintiff asserts against the City of Detroit. 28 U.S.C. § 1367(c)(3) (district courts may decline to exercise supplemental jurisdiction over a claim if all original jurisdiction claims have been dismissed).

### 2.      Plaintiff's Motion for Default Judgment

Plaintiff moves for a default judgment on the basis that Defendant City of Detroit failed to timely answer his Complaint. (Docket no. 12). Defendant concedes that its Motion to Dismiss was filed after the expiration of the time allowed for responding to Plaintiff's Complaint. (Docket no. 13 at 6). However, Defendant argues that Plaintiff's motion should be denied because this delay was not due to intentional disregard for the court rules and because no default has been entered by the Clerk. (*Id.*).

Defendant is correct that no default has been entered by the Clerk. This is a prerequisite to the granting of a default judgment. Fed. R. Civ. P. 55(a); *Hickman v. Burchett*, 2008 WL 926609 (S.D. Ohio Apr. 4, 2008). This Court therefore cannot enter a default judgment. *Hickman*, 2008 WL 926609. Moreover, federal courts strongly favor addressing issues on their merits rather than granting default judgments. *NIC Ins. Co. v. Simon Galasso & Frantz, PLC*, 2007 WL 627879, slip

op. at *2 (E.D. Mich. Feb. 26, 2007). Accordingly, Plaintiff's Motion for Default Judgment should be denied.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 14, 2009            s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Dennis Guy Erdman and Counsel of Record on this date.

Dated: May 14, 2009           s/ Lisa C. Bartlett
                                           Courtroom Deputy