**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DENNIS GUY ERDMAN,**

      **Plaintiff,**　　　　　**CIVIL ACTION NO. 08-CV-14715-DT**

vs.

                                 **DISTRICT JUDGE NANCY G. EDMUNDS**

**CITY OF DETROIT,**　　　　　**MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

      **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.　RECOMMENDATION:**　　The Motion for Summary Judgment filed by Defendant Wayne County (docket no. 15) should be **GRANTED**.

**II.　REPORT:**

This matter comes before the Court on the Motion for Summary Judgment[1] filed by Defendant Wayne County. (Docket no. 15). Plaintiff, a frequent litigator (*see* docket no. 3), has responded to the motion. (Docket no. 24). All pretrial matters have been referred to the undersigned for action. (Docket no. 5). The Court dispenses with oral argument on this motion. E.D. Mich. LR 7.1(e). Defendant's motion is now ready for ruling.

---

[1] Although Defendant labels its motion as one for summary judgment, it is moving to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Docket no. 15 at 7).

-1-

**A.     Facts and Claims**

Plaintiff filed his "citizen's diversity complaint" against the City of Detroit, Wayne County, and the State of Michigan.[2] (Docket no. 1). He claims that he now lives in Texas but in 1989 he accidentally struck and killed a pedestrian with his vehicle in the City of Detroit. (*Id*. at 2). Plaintiff alleges that he pled nolo contendere to the charges of vehicle manslaughter and leaving the scene of an accident. (*Id*.). The court sentenced him to 15 years and 2 years consecutive on the convictions. (*Id*.). In 1991 Plaintiff alleges that the 2-year sentence for leaving the scene was vacated. (*Id*.). Plaintiff remained incarcerated on the manslaughter conviction. Plaintiff further alleges that in 2000 he uncovered exculpatory evidence, that the decedent was intoxicated when he stepped in front of Plaintiff's truck, which proves Plaintiff's legal innocence. (*Id*.).

Plaintiff alleges that "Defendant has manipulated the record by suppressing evidence in this case, falsely accusing Plaintiff of murdering the decedent." (*Id*. at 3). Plaintiff seeks damages for the violation of his state and federal constitutional rights and for the torts of false imprisonment, malicious prosecution, and illegal confinement. (*Id*.).

Defendant Wayne County moves to dismiss on the bases that prosecutors have absolute immunity, Plaintiff's claim is barred by *Heck v. Humphrey*, Plaintiff's state constitutional claims are barred, and because Plaintiff's tort claims are barred by the Michigan Governmental Tort Liability Act. (Docket no. 15 at 7).

---

[2] The State of Michigan has already been dismissed as a Defendant. (Docket no. 3).

**B.**     **Standard**

Defendant moves to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Dismissal under this rule is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. (*Id.*). The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. (*Id.*).

**C.**     **Analysis**

    **1.**     **Absolute Immunity/Policy or Custom**

Plaintiff complains only of action by an assistant Wayne County prosecutor in response to Defendant's motion. (Docket no. 24 at 2-3). He argues that "Defendant Wayne County must not be dismissed from this action because Assistant Wayne County Prosecutor Daniel Less [sic] suppression of evidence in this case." (*Id.* at 3). Plaintiff fails to identify any policy or custom of Wayne County by which he was injured.

Plaintiff is therefore attempting to hold the county liable for the alleged acts of someone who may be an employee of the county. However, vicarious liability is not a valid basis for establishing municipality liability under 42 U.S.C. § 1983. *Monell v. Department of Social Servs.*, 436 U.S. 658, 692 (1978). To state a claim against Defendant, Plaintiff must allege that his injury was caused by an unconstitutional policy or custom of the county. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986). Plaintiff has failed to allege that he was injured by a policy or custom of Wayne County. The county is therefore entitled to dismissal.

Moreover, if Plaintiff had named the prosecutor as a defendant, prosecutors have absolute immunity for acts taken in the performance of their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Plaintiff claims that the prosecutor suppressed evidence while prosecuting him and perjured himself before the court. (Docket no. 24 at 3). These are acts performed in the course of the prosecutor's duties in prosecuting Plaintiff's case. Therefore, the prosecutor would be entitled to absolute immunity.

### 2.  *Heck v. Humphrey* **Bar**

Plaintiff claims that he uncovered exculpatory evidence allegedly suppressed by Defendant which proves his legal innocence of his manslaughter conviction. (Docket no. 1 at 2). Plaintiff's claims if proven would therefore necessarily render his conviction and sentence invalid. Plaintiff also seeks damages as relief. (*Id.* at 3). Defendant claims that under these circumstances, because Plaintiff has not shown that his conviction has been reversed, this action is barred by *Heck v. Humphrey*. In *Heck*, the Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486.

Plaintiff claims that his manslaughter conviction was set aside on December 28, 2006 through a motion for reconsideration that he filed in the City of Detroit Recorders Court. (Docket no. 24). Plaintiff submits excerpts of a docket sheet from that court, but the entries reflected on those excerpts fail to show that in December 2006 or at any other time Plaintiff's manslaughter

conviction was set aside. (*Id*.). The excerpts show only that a motion for reconsideration was granted and not that Plaintiff's conviction was overturned. This action is therefore barred by *Heck*, and Defendant's Motion to Dismiss should alternatively be granted on this basis.

### 3. State Law Claims

Because all of Plaintiff's federal claims must be dismissed, this Court should decline to address any state law claims that Plaintiff asserts against Defendant Wayne County. 28 U.S.C. § 1367(c)(3) (district courts may decline to exercise supplemental jurisdiction over a claim if all original jurisdiction claims have been dismissed).

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 28, 2009    s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Dennis Erdman and Counsel of Record on this date.

Dated: May 28, 2009    s/ Lisa C. Bartlett
Courtroom Deputy